UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE K. LEWIS,

    Plaintiff,

vs.                                                                                   Case No. 13-13152

CITIMORTGAGE, INC.,                                               HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Doc. 9)
AND
DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 12)
AND DISMISSING CASE**[1]

### I. Introduction

This is another one of many cases pending in this district involving a default on a mortgage and subsequent foreclosure proceedings. As will be explained, plaintiff Janice K. Lewis (Lewis) defaulted on a mortgage loan used to finance her purchase of residential property located at 14848 Taconite Drive, Sterling Heights, Michigan. The redemption period has expired. Nevertheless, Lewis contends she has a right to the property. Lewis is suing Citimortgage, Inc. (Citimortgage);[2] the complaint makes a

---

[1] Although originally schedule for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiff also sued Federal Home Loan Mortgage Corporation (Freddie Mac), Citigroup, Inc., and Trott & Trott, PC. Lewis later stipulated to dismiss her claim against these defendants. See Docs. 10, 13, 14.

single claim for wrongful foreclosure. Lewis essentially claims that Citimortgage wrongfully foreclosed because the published notice of foreclosure listed only ABN AMRO Mortgage Group, Inc. (ABN AMRO) as the mortgagee. Lewis further says that because ABN AMRO is now defunct, the foreclosure by Citimortgage was improper under Michigan law.

Before the Court is Citimortgage's motion to dismiss or for summary judgment. Also before the Court is Lewis's motion for leave to amend complaint. For the reasons that follow, Citimortgage's motion will be granted and Lewis's motion will be denied.

## II. Background

On December 3, 2004, Lewis obtained a $ 181,300 loan from ABN AMRO AMRO to finance the purchase of the property. The loan is evidenced by a note. To secure repayment of the loan, Lewis granted ABN AMRO a mortgage on the property. In September of 2007, ABN AMRO merged with Citimortgage.

Lewis defaulted on the mortgage by failing to make payments.

In February of 2012, the loan was referred by Citimortgage to Trott & Trott for foreclosure proceedings.

A notice of foreclosure proceedings was published on July 12, 2012. The notice identifies ABN AMRO as the mortgagee under the 2004 mortgage.

On November 30, 2012, a foreclosure sale was held. Freddie Mac purchased the home for $ 172,839.88 and obtained a sheriff's deed.

The redemption period expired six months later, on May 30, 2012. Lewis did not redeem.

On June 19, 2013, Lewis filed suit in Macomb County Circuit Court. Freddie

Mac, then a defendant, removed the case to federal court.

### III. Legal Standards

### A. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

shown – that the pleader is entitled to relief." Id. (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

### B. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

### C. Amendment

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not

5

to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990).

### IV. Analysis

#### A. Expiration of the Redemption Period

Before addressing Lewis's claim as to the foreclosure proceedings, it is undisputed that she failed to exercise her statutory right to redeem the foreclosed Wildemere Property before the six-month statutory redemption period expired. As the Court of Appeals for the Sixth Circuit and Michigan Supreme Court recently observed, this fact has significant consequences.

"[U]nder Michigan's foreclosure statute, 'all the right, title and interest which the mortgagor had at the time of the execution of the mortgage' vests in the entity that

purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period." El-Seblani v. IndyMac Mortg. Servs., No. 12-1046, 2013 WL 69226, *3 (6th Cir. Jan. 7, 2013) (quoting M.C.L.§ 600.3236 and citing Piotrowski v. State Land Office Bd., 302 Mich. 179 (1942), as support). "A strict reading of the statute suggests that once the redemption period expires, the homeowner has no legal interest in the property that litigation might vindicate." Id.

Michigan courts do, however, "allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant." Id. (quoting Schulthies v. Barron, 16 Mich. App. 246 (1969)). "The misconduct must relate to the foreclosure procedure itself." Id. "Moreover, because the foreclosure statutes are intended to create finality and certainty in property rights, an action challenging foreclosure must be brought 'promptly and without delay.'" Id. (quoting Richard v. Schneiderman & Sherman, PC, 294 Mich. App. 37 ( 2011), rev'd on other grounds, 490 Mich. 1001 (2012)). Thus, plaintiff can bring an action to challenge the foreclosure proceedings after the expiration of the redemption period. The scope of relief, however, is circumscribed, as explained below.

### B. Setting Aside the Foreclosure

To the extent Lewis argues that because of the statutory violations that she alleges Citimortgage committed, the foreclosure sale of the property should be declared void *ab initio*, it is not well-taken. The Michigan Supreme Court has held that under

Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement statute renders the foreclosure voidable, not void *ab initio*. See Kim v. JPMorgan Chase Bank, N.A., ___ N.W.2d ___, 2012 WL 6858059, *5-6 (Mich. Dec. 21, 2012) (reviewing Davenport v. HSBC Bank USA, 739 N.W.2d 383, 384 (Mich. Ct. App. 2007) and holding that "Davenport's holding was contrary to the established precedent of [the Michigan Supreme] Court."). Thus, under controlling Michigan law, the foreclosure sale cannot be declared void *ab initio*. See Savedoff v. Access Group, Inc., 524 F.3d 754, 762 (6th Cir. 2008) (observing that federal courts must follow the decisions of the state's highest court when applying state law). So, the issue this Court must now address is whether, under Michigan law, the foreclosure sale on the Wildemere Property is voidable, or could be set aside, on the facts alleged.

The Michigan Supreme Court's recent decision in Kim instructs on this issue as well. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." *Id*. at *6. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Id. The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. *Id*. at *9. These include: (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their

8

complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." Id. (Markman, J. concurring) (internal quotation marks and citations omitted).

### C. Wrongful Foreclosure

Applying Kim, Lewis cannot establish the prejudice required to set aside the foreclosure sale of the property. Moreover, Lewis is not entitled to amend her complaint because amendment would be futile inasmuch as the proposed amended complaint cannot survive a motion to dismiss. The proposed amendment complaint simply restates the allegations in the original complaint and adds nothing to advance her position.

Lewis claim for wrongful disclosure is based on the allegation that Citimortgage initiated foreclosure in the name of a defunct entity, ABN AMRO AMRO. Lewis also says that ABN AMRO, not Citimortgage, was listed as the mortgagee in the notice of foreclosure. In other words, Lewis says that Citimortgage had no right to conduct the foreclosure. Lewis is mistaken.

Under Michigan law, a party may foreclose by advertisement if it is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. § 600.3204(1)(d). The statute also provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of [the foreclosure]

9

sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage.  M.C.L. § 600.3204(3).

Lewis, relying on Kim, says that despite the merger, an assignment from ABN AMRO to Citimortgage was required in order for the chain of title to be complete.  Not so.

In Kim, the Michigan Supreme Court held that Chase failed to comply with M.C.L. § 600.3204(3) because it did not record the assignment of the mortgage.  In that case, the FDIC was appointed receiver of Washington Mutual's holdings, which included the mortgage at issue.  The FDIC transferred the mortgage, and most of Washington Mutual's assets, to Chase under a purchase and assumption agreement.  In other words, Chase did not acquire Washington Mutual's assets by a merger, but rather by a purchase agreement with the FDIC.  This difference is critical.

Here, Citimortgage merged with ABN AMRO in 2007 under New York law.  At that point, it acquired Lewis's mortgage at the time of the merger.  See N.Y. Bus. Corp. Lw § 906(b)(3) ("All of the property, real and personal . . . causes of action and every other assets of each of the constituent entities, shall vest in surviving or consolidated corporation without further act or deed.").  Despite Lewis's argument to the contrary, the transfer of the note from ABN AMRO to CitiMortgage at the time of the merger is not an assignment that requires recording in order to preserve a clear chain of title.  See Gregory v Citimortgage, 890 F. Supp.2d 791, 799–800 (E.D. Mich.2012). ("[W]here a mortgage is transferred through merger, there is no need to record the assignment in order for the surviving entity to have authority to foreclose, because the surviving entity

10

has 'stepped into the shoes' of the entity that held the mortgage before the merger.") citing Sesi v. Federal Home Loan Mortg. Corp., No. 12–10608, 2012 U.S. Dist. LEXIS 24348, *17, 2012 WL 628858 (E.D. Mich. Feb. 27, 2012) ("Mich. Comp. Laws § 600.3204(3) applies to 'assignments.' ... Because CitiMortgage stepped into the shoes of ABN AMRO without necessity of assignment, no recording of the mortgage interest was required and CitiMortgage.

The Michigan Court of Appeals recently reached the same conclusion regarding a mortgage where ABN AMRO was the original mortgagee and Citimortgage conduced the foreclosure by advertisement. Gray v. Citimortgage, 2013 WL 2495115 (Mich. App. June 11, 2013). In Gray, the plaintiffs argued, as Lewis does here, that the foreclosure proceedings were defective because there was no assignment from ABN AMRO to Citimortgage. The court of appeals rejected this argument, stating:

> Here, the evidence shows that ABN AMRO merged into defendant. As the Kim Court recognized, such a corporate merger is a transaction "by operation of law under traditional banking and corporate law[,]," because such a transaction "occurred without any voluntary or affirmative action by defendant." Kim, 493 Mich. at 111, citing M.C.L. 5450.1724(1)(b). As a result, defendant was not required to record the mortgage once the merger occurred, and plaintiffs' argument to the contrary is without merit.

Gray, 2013 WL 2495115 at *3.

Moreover, even if Citimortgage was required to record its interest via an assignment, that does not provide Lewis with grounds for relief. As the Sixth Circuit has found, a plaintiff is not generally permitted to challenge an assignment to which it is neither a party nor a third-party beneficiary. See Livonia Props. Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC, 399 F. App'x 97 (6th Cir. 2010) (holding

11

that, absent certain exceptions, third parties cannot challenge an assignment to which they were not a party nor a third-party beneficiary).  The exceptions noted in Livonia Properties do not apply in this case, as Lewis has not alleged that she was under the threat of being required to pay their debt to two competing entities.  See Wiggins v. Argent Mortg. Co., LLC, No. 11–15118, 2013 U.S. Dist. LEXIS 68041, *17–19, 2013 WL 2034055 (E.D. Mich. May 14, 2013) (rejecting plaintiff's ability to challenge the assignments were he "alleges no facts that indicate that the assignment may in some way subject Plaintiff to double liability.")

Moreover, any failure by Citimortgage as to the notice of foreclosure did not prejudice Lewis to the extent that the foreclosure should be voidable.  "To demonstrate prejudice, [Lewis} must show that [she] would have been in a better position to preserve [her] interest in the property absent [Citimortgage's] noncompliance with the statute. Kim, 493 at 115-16.  Nothing in the complaint or records shows that Lewis was prejudiced.  It is undisputed that Lewis was notified of the default, the foreclosure proceedings, and her right to redeem.  Lewis took no action.  Under these facts, Lewis cannot make a plausible showing of prejudice.

There is one other point which bears mention.  In Lewis's proposed amended complaint, she attaches conveyance documents executed in May of 2013 relating to the property.  Exhibit 8, for example, is a document entitled "Cash for Keys - Assignment of Interest" in which Lewis purports to assign her interest in the property to "Michigan Foreclosure Freedom" for the amount of $500.00.  Exhibits 9 and 10 of the proposed amended complaint appear to show that Lewis conveyed her interest in the property via

quit claim deed (Exhibit 9) to "Preferred Management Services, LLC and later by warranty deed (Exhibit 10).  As Citimortgage notes, these documents appear to show that Lewis has no interest whatsoever in the property and therefore lacks standing to pursue any claim related to a defect in the foreclosure proceedings.  These documents, at a minimum, further show that amendment of the complaint would be futile.

## V.  Conclusion

For the reasons stated above, Lewis has not established that the foreclosure should be set aside.  Lewis's challenge to the process is sustainable.  Nothing in Lewis's proposed amended complaint alters this conclusion such that amendment should be permitted.  Accordingly, Citimortgage's motion is GRANTED.  Lewis's motion is DENIED.

This case is DISMISSED.

SO ORDERED.

     S/Avern Cohn                   
UNITED STATES DISTRICT JUDGE

Dated:  October 9, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 9, 2013, by electronic and/or ordinary mail.


     S/Sakne Chami          
Case Manager, (313) 234-5160